**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0783-19

IN THE MATTER OF THE
APPLICATION OF PAOLA C.
ZAMPIERI TO CHANGE THE
NAME OF SCARLETT MARIA
ROSE SEALEY.

_____

Submitted December 2, 2020 – Decided April 26, 2021

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey,
Chancery Division, Family Part, Burlington County,
Docket No. FD-03-0938-19.

Schwartz, Hanna & Olsen, PC, attorneys for appellant
Carl Frederic Sealey (Christopher Olsen, on the
briefs).

Patricia Ronayne, Esquire, PC, attorneys for
respondent Paola C. Zampieri (Patricia Ronayne and
Alexandra Gitter, on the brief).

PER CURIAM

Carl Frederic Sealey appeals from a September 13, 2019 order and

judgment changing his then-three-year-old daughter's name from Scarlett

Maria Rose Sealey, the name he and the child's mother, Paola C. Zampieri, chose at the time of her birth in October 2015, to Scarlett Marie Zampieri. Sealey claims he and Zampieri agreed on Scarlett's name and chose her two middle names to honor their mothers. The parties were together for five years, but never married, and their relationship ended in early 2016, when Scarlett was still an infant.

Zampieri applied to change Scarlett's name in 2019, after Sealey was sentenced to six-and-one-half-years in federal prison for a Ponzi scheme, in which she alleges he swindled friends and neighbors of the couple of sums exceeding a million dollars. Zampieri further claims Sealey failed to maintain a relationship with Scarlett, which he denies. He claims his contact with Scarlett has only been interrupted by his incarceration.

The court heard argument on the application in September 2019.[1] Zampieri's counsel argued it was in Scarlett's best interests to change her name so she could be enrolled in pre-school without the stigma attached to her father's name in the community where they lived. Sealey's counsel advised the court that a medical condition prevented Sealey from appearing by video

---

[1] The court's order states it heard testimony from Zampieri on September 13, 2019, but the transcript provided us from that date reflects only argument by counsel.

A-0783-19

conference from prison, but contended Zampieri's application was made out of spite and a desire to remove any trace of Sealey from their lives, evidenced by Zampieri's desire to also remove Scarlett's middle name, Rose, chosen to honor his mother. Counsel further argued that Scarlett's age made it unlikely her peers would be "Googling" her father and taunting or ostracizing her over his federal crimes.

Zampieri's counsel countered it was not Scarlett's peers but their parents who concerned Zampieri. She claimed Zampieri was not trying to separate Scarlett from her father but instead trying to protect her from being picked on and bullied because of something her father did, for which the child bore no responsibility.

The judge ruled it was in Scarlett's best interest to change her last name to Zampieri but denied the application to remove her middle name of Rose, after Zampieri's counsel commented it was "not the end-all, whether or not that name comes out," it was "just easier for the child to write . . . a shorter name." Although colloquy on the motion makes clear the judge was familiar with the eleven-factor test of Emma v. Evans, 215 N.J. 197, 223 (2013), which controls resolution of a dispute between parents over their child's jointly-chosen surname, the court did not address any of the factors in his oral decision.

A-0783-19

Instead, noting that one of the lawyers "had to be somewhere else," the judge released them saying he would "issue a written order addressing each of the factors."  The order and final judgment he issued a week later, however, only documented his decision; it did not provide any reasons for its entry.

Rule 1:7-4 requires a court to "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right," which, of course, this one was.  The reasons for the rule are obvious; it is not possible for an appellate court to engage in any meaningful review of a record so deficient that we must guess at the judge's reasons for entering the final order.  See Ronan v. Adely, 182 N.J. 103, 110-11 (2004).  Because both parties' appellate case information statements erroneously reported the trial court issued both oral and written findings, it does not appear the judge was advised by either party that there was no statement of reasons attached to the order and judgment or asked whether he would be filing one pursuant to Rule 2:5-1(b).  We surmise that error prevented the clerk's office from detecting the absence of reasons supporting the September 13, 2019 order and judgment and alerting us to the problem before the case was calendared for disposition.

Both parties have briefed all eleven factors of the controlling standard, each arguing they support their disparate positions.  Zampieri claims the

hearing on her application was adjourned for months at Sealey's request, that his opposition brief was filed only the day before the hearing, and he never filed a certification explaining his reasons for opposing changing Scarlett's name. She further notes Sealey did not "file a motion for amendment of the trial court order and final judgment under R. 1:7-4(b)" and contends the matter should be remanded for the court to render findings in accordance with Rule 1:7-4(a). She argues, however, that to "reverse and remand would reward [Sealey's] own failure to fully present his objection" to the trial court. Sealey contends Zampieri failed to carry her burden[2] that changing Scarlett's name was in her best interests and we should reverse.

Having reviewed the record, we determine our only course is to vacate the order and judgment and remand for further proceedings. We leave to the trial court whether the existing record is adequate to render a decision in the matter, or whether the absence of a certification from Sealey supporting his reasons for opposing Zampieri's name change request, coupled with the

---

[2] Sealey argues Emma established a presumption that the name "given to the child by both parents is in the best interests of the child." Emma actually abolished the presumption favoring the custodial parent's choice of surname adopted in Gubernat v. Deremer, 140 N.J. 120, 144 (1995), and replaced it, not with another presumption, but with the best interests standard. Emma, 215 N.J. at 221-22.

passage of time, requires the parties be given the opportunity to supplement the existing record. We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0783-19